UNITED STATES DISTRICT COURT
SOUTHERN DISTICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CAROLYN TURNBOW-AVERY,<br>    Plaintiff, | Case No. 1:23-cv-571<br>Litkovitz, M.J. |
| vs. | |
| LOUIS DEJOY, POSTMASTER GENERAL,<br>    Defendant. | **ORDER** |

Pro se plaintiff brings this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e.  On March 28, 2024, the Court conducted an informal discovery conference with the parties via telephone.  Following that conference, the Court issued an Order (Doc. 37), which directed plaintiff to file a motion to compel.  (Doc. 38).  Defendant filed a response (Doc. 42), and plaintiff filed a reply in support of her motion (Doc. 49), as supplemented (Doc. 50).

**I.  Background**

Plaintiff alleges that she was harassed on the basis of her sex, race, and color by her United States Postal Service (USPS) supervisor Jennifer Goddard.  (Doc. 1 at PAGEID 4). Plaintiff reported this harassment to Managers of Distribution Operation at her facility, including Bakari Hicks, to no avail.  (*Id.* at PAGEID 5).  The situation came to a head in November 2021, when there was an altercation between plaintiff and Ms. Goddard over Ms. Goddard's treatment of plaintiff's daughter—also a USPS employee.  (*Id.*).  After the altercation, plaintiff was first given an emergency placement and later terminated.  (*Id.* at PAGEID 6).  Plaintiff alleges that Barry Goddard, a nonsupervisory USPS employee, engaged in more egregious behavior than plaintiff's but was not disciplined.  (*Id.* at PAGEID 8).

Plaintiff brings claims of employment discrimination, hostile work environment, and retaliatory discharge. (*Id.* at PAGEID 9-10).

Plaintiff's motion to compel pertains to her request for production of documents numbered 1, 2, 6, 7, 12, 18, and 19. Numbers 1 and 2 seek "discipline file/records" for Ms. Goddard and Mr. Hicks. (Doc. 42-1 at PAGEID 227). Number 19 seeks the "discipline file/records" for Mr. Goddard. (*Id.* at PAGEID 235). Numbers 6 and 7 seek "EEO file/records" for Ms. Goddard and Mr. Hicks. (*Id.* at PAGEID 230). Number 12 requests "turnstile records from October 2021 to Present date (November 30, 2023)[.]" (*Id.* at PAGEID 232). Number 18 requests "Alana Robinson Assignment Orders Forms." (*Id.* at PAGEID 234).

## II. Standard of review

Rule 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if a party fails to provide discovery responses. Fed. R. Civ. P. 37(a)(3). "The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Hunter v. Shield*, No. 2:18-cv-1097, 2020 WL 6484055, at *2 (S.D. Ohio Nov. 4, 2020) (quoting *Gruenbaum v. Werner Enters., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010)). Upon this showing, "the burden shifts to the non-movant to show that to produce the information would be unduly burdensome." *Id.* (quoting *Prado v. Thomas*, No. 3:16-cv-306, 2017 WL 5151377, at *1 (S.D. Ohio Oct. 19, 2017)).

Rule 26(b) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." Fed. R. Civ. P. 26(b)(1). The Court must balance the need of a party to access the information necessary to establish its claim or defense with protection against "fishing expeditions." *In re Ohio Execution Protocol Litig.*, 845 F.3d 231,

2

236 (6th Cir. 2016); *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007). The scope of discovery under the Federal Rules "is traditionally quite broad[,]" *Lewis v. ACB Bus. Serv., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998), and Rule 26 acknowledges that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). "The scope of discovery is . . . within the broad discretion of the trial court. . . ." *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998) (quoting *Lewis*, 135 F.3d at 402).

### III. Resolution

#### A. Numbers 1, 2, 6, 7, and 19

Plaintiff argues that the discipline and EEO file/records for Ms. Goddard and Mr. Hicks are necessary to "prove a pattern of misconduct, a pattern of discrimination, character and credibility" and that "[s]imilar retaliatory or discriminatory conduct is evidence of pattern of inappropriate conduct engaged in by defendant." (Doc. 38 at PAGEID 176-78). Plaintiff argues that the discipline file/records for Mr. Goddard are relevant to the determination of whether a similarly situated employee outside of plaintiff's protected group was treated more leniently for similar or more egregious conduct.

In response, defendant acknowledges that such production is not "off-limits" but requests that plaintiff's requests be narrowed "to disciplinary records that relate to Plaintiff, Plaintiff's employment, or the issues raised in Plaintiff's complaint (i.e., race, color, or sex-based discrimination, harassment, or retaliation under Title VII). . . ." (Doc. 42 at PAGEID 204, 206).

In her reply memorandum, plaintiff argues that she believes the discipline file/records of Ms. Goddard and Mr. Hicks will demonstrate multiple instances in which they provided

inconsistent or contradictory statements. Plaintiff also limits her request with respect to Mr. Goddard to between November 15, 2021 and his resignation in 2023.

Plaintiff is entitled to the discipline and EEO file/records of Ms. Goddard and Mr. Hicks related to plaintiff, plaintiff's employment, or the issues raised in plaintiff's complaint (i.e., race, color, or sex-based discrimination, harassment, or retaliation under Title VII). *See Kaczmarek v. Res-Care, Inc.*, No. 1:13-cv-1959, 2014 WL 3408576, at *2 (N.D. Ohio July 10, 2014) (finding that a request for all disciplinary records was "too broad" because it covered "trivial" discipline and conduct "different" from the conduct at issue); *Segarra v. Potter*, No. CIV-02-1413, 2004 WL 3426438, at *7 (D. N.M. Apr. 5, 2004) ("[EEO] [c]omplaints based on other types of discrimination are neither relevant nor calculated to lead to the discovery of admissible evidence in this action."). Defendant need only produce discipline and EEO file/records for Ms. Goddard and Mr. Hicks from the two years preceding and two years following plaintiff's termination on December 15, 2021. *See Goree v. United Parcel Serv., Inc.*, No. 14-cv-2505, 2015 WL 11120732, at *5 (W.D. Tenn. Oct. 5, 2015) (quoting *E.E.O.C. v. Autozone, Inc.*, 258 F. Supp. 2d 822, 831 (W.D. Tenn. 2003)) ("Courts typically will permit discovery in employment discrimination cases to cover a reasonable number of years before and after the alleged discrimination."); *Moore v. Abbott Lab'ys*, No. 2:05-cv-1065, 2007 WL 4171627, at *6 (S.D. Ohio Nov. 20, 2007) ("[T]he most relevant evidence concerning employment decisions is evidence of other decisions made by the same or similar decision-makers concerning similarly-situated job applicants . . . in a time frame (usually between three and five years) surrounding the relevant hiring decisions.").

Consistent with the foregoing, plaintiff is also entitled to the discipline file/records of Mr. Goddard related to any conduct of his that was similar to or more egregious than the conduct by

4

plaintiff resulting in her termination. Plaintiff's proposed temporal period for these records of November 15, 2021 until Mr. Goddard's resignation in 2023 is reasonable.

The resolution above strikes an appropriate balance between the relevance of these files and the privacy of the information contained therein. *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 365 (6th Cir. 1999) ("[P]ersonnel files might contain highly personal information. . . .").[1]

    B. <u>Number 12</u>

In this request, plaintiff seeks turnstile records from October 2021 to November 30, 2023. (Doc. 42-1 at PAGEID 232). Plaintiff argues that they will show that she was "single[d] out[] and harass[ed] when being follow[ed] to breaks and lunches over a month period while witnessing others c[o]me and [go] as often as they chose and for as long as they chose" and that defendant was "selectively applying the rules[ ] and/or policies. . . ." (Doc. 38 at PAGEID 178). Defendant argues that this request is overly broad because it is not limited to the turnstile records of particular individuals at a particular location; as such, it could apply to hundreds of thousands of employees. Defendant also argues that there is no apparent relevance between these records and plaintiff's allegations. Defendant speculates that this request for production relates to an investigative interview related to plaintiff taking overly long smoke breaks, which is referenced in plaintiff's complaint. Defendant argues that because this investigative interview did not result in discipline, it is not actionable. Finally, defendant argues that it is not clear how turnstile records would demonstrate that other employees were violating USPS policies.

Plaintiff's request for production number 12 is overly broad. Production under this request would be extremely burdensome given the number of USPS employees. The Court finds, however, that a more narrowly tailored request could produce documents relevant to

---

[1] The Court has also entered a protective order. (Doc. 52).

plaintiff's retaliation claim. Plaintiff alleges that she told Ms. Goddard she planned to file an EEO in October of 2021 and filed two EEOs in November of 2021. (Doc. 1 at PAGEID 4-5). Plaintiff alleges that, after telling Ms. Goddard that she planned to file an EEO, Ms. Goddard began to target her by more closely scrutinizing her and her daughter's break times than the break times of other employees. (*Id.* at PAGEID 4). Evidence showing that other employees supervised by Ms. Goddard were allowed longer breaks around this period could be relevant to plaintiff's retaliation claim. Plaintiff is therefore entitled to turnstile records, but defendant's production of turnstile records shall be limited to: (1) the facility where plaintiff was employed at the time of her termination; (2) employees supervised by Ms. Goddard; and (3) the period of October of 2021 through January of 2022.

  C. <u>Number 18</u>

In this request, plaintiff seeks USPS employee Alana Robinson's Assignment Orders. (Doc. 42-1 at PAGEID 234). Ms. Robinson was a witness to the events at issue, and plaintiff argues that she submitted a second witness statement at Ms. Goddard's request in exchange for a promotion.

Defendant argues that personnel documents are generally only discoverable from supervisors and comparators. Defendant argues that plaintiff's bribery accusation is not supported or corroborated and that allowing such discovery "may create troubling precedent wherein a plaintiff may baselessly accuse a non-supervisory, non-comparator eyewitness of accepting bribes just to gain access to all or part of his or her personnel file." (Doc. 42 at PAGEID 209 n.6).

In her reply memorandum, plaintiff points to written statement by another USPS employee attached to her complaint. (Doc. 49 at PAGEID 523, referring to Doc. 1 at PAGEID

6

46-48). In it, the individual[2] states that she had a conversation with Ms. Robinson shortly after the events at issue, during which Ms. Robinson admitted that Ms. Goddard had pulled her aside, asked for a second witness statement, and told her to omit certain details. (*Id.* at PAGEID 47-48). Shortly after providing her second statement, a plant manager offered Ms. Robinson a supervisor position anywhere Ms. Robinson wanted to go. (*Id.* at PAGEID 48). Plaintiff argues that this witness statement supports her request for Ms. Robinson's Assignment Order forms.

Given the entry of the protective order and the corroborating witness statement attached to plaintiff's complaint, defendant shall turn over Ms. Robinson's Assignment Orders from November of 2021 to the present.

### IV. Conclusion

For the foregoing reasons, plaintiff's motion (Doc. 38) is **GRANTED in part** and **DENIED in part** as follows:

a. <u>Request for production numbers 1, 2, 6, and 7</u>: Defendant shall turn over the discipline and EEO file/records of Ms. Goddard and Mr. Hicks related to plaintiff, plaintiff's employment, or the issues raised in plaintiff's complaint (i.e., race, color, or sex-based discrimination, harassment, or retaliation under Title VII) for the two years preceding and two years following plaintiff's termination on December 15, 2021.

b. <u>Request for production number 19:</u> Defendant shall turn over the discipline file/records of Mr. Goddard related to any conduct of his that was similar to or more egregious than the conduct by plaintiff resulting in her termination for the period of November 15, 2021 until Mr. Goddard's resignation in 2023.

---

[2] The individual's handwritten name is not entirely legible.

  c. <u>Request for production number 12:</u> Defendant shall turn over turnstile records limited to: (1) the facility where plaintiff was employed at the time of her termination; (2) employees supervised by Ms. Goddard; and (3) the period of October of 2021 through January of 2022.

  d. <u>Request for production number 18:</u> Defendant shall turn over Ms. Robinson's Assignment Orders from November of 2021 to the present.

**IT IS SO ORDERED.**

Date: 5/14/2024

Karen L. Litkovitz
United States Magistrate Judge