# UNITED STATES DISTRICT COURT
# SOUTHERN DISTICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| CAROLYN TURNBOW-AVERY,<br>    Plaintiff, | Case No. 1:23-cv-571<br>Litkovitz, M.J. |
| vs. | |
| LOUIS DEJOY, POSTMASTER GENERAL,<br>    Defendant. | **ORDER** |

This matter is before the Court on defendant's motion to (1) extend the discovery cutoff and related deadlines by approximately 90 days; and (2) extend the deadline to respond to plaintiff's motion for summary judgment (Doc. 53) or, in the alternative, deny plaintiff's motion for summary judgment without prejudice to refiling upon the completion of discovery. (Doc. 55). Plaintiff filed a response (Doc. 58), and defendant filed a reply (Doc. 61).

## I. Background

Plaintiff filed this action on September 8, 2023. (Doc. 1). In November 2023, counsel for defendant dealt in good faith with plaintiff to schedule the Rule 26(f) conference. (*See* Doc. 16-1 to 16-7 (correspondence between plaintiff and defendant's counsel)). In December 2023, the parties conferred and submitted their Rule 26(f) report. (Doc. 18). On January 9, 2024, the Court issued an Order establishing a discovery deadline of May 31, 2024 and a dispositive motion deadline of July 31, 2024. (Doc. 25). In March 2024, the Court held an informal discovery conference, after which it directed plaintiff to file a motion to compel related to certain discovery requests. (*See* Docs. 36, 37). On April 4, 2024, plaintiff filed that motion. (Doc. 38).

In late April 2024, the Court held another informal discovery conference related to the entry of a stipulated protective order. (*See* Docs. 41, 51-52). On May 1, 2024, defendant served discovery requests on plaintiff. (*See* Doc. 55-2 at PAGEID 625). On May 7, 2024, prior to the

disposition of plaintiff's motion to compel and the discovery deadline, plaintiff filed a motion for summary judgment. (Doc. 53). On May 14, 2024, the Court issued its Order granting in part and denying in part plaintiff's motion to compel. (Doc. 54).

Defendant's pending motion followed. (Doc. 55). Defendant supports the motion with email correspondence between the parties demonstrating his good faith effort to resolve this matter without Court intervention. (Doc. 55-1). Defendant also supports the motion with his counsel's affidavit, which describes defendant's diligence in the discovery process despite a change to his counsel of record. (Doc. 55-2). The affidavit also explains that plaintiff's motion for summary judgment relies exclusively on her EEO affidavit, and defendant's rebuttal therefore depends in large part on his ability to review plaintiff's discovery responses and depose her. (*Id.*).

**II. Standards of review**

Under Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure, the Court may extend a party's deadline to act "for good cause, . . . if a request is made, before the original time . . . expires[.]" The determination of good cause is within the district court's discretion. *See Ott v. Fed. Home Loan Mortg. Corp.*, 535 F. App'x 488, 489 (6th Cir. 2013) (citing *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 (9th Cir. 2010)) ("A district court's decision as to a Rule 6(b) motion is reviewed for an abuse of discretion.").

Under Rule 16(b)(4) of the Federal Rules of Civil Procedure, "[a] schedule may be modified only for good cause and with the judge's consent." Good cause is measured by the due diligence a party exercises in attempting to meet the scheduling deadlines set by the Court. *See Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (citing Fed. R. Civ. P. 16(b) advisory committee note to 1983 amendment; *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)).

The party seeking an extension must show that it could not have reasonably met the scheduled deadlines despite exercising due diligence. *Wagner v. Mastiffs*, No. 2:08-cv-431, No. 2:09-cv-172, 2011 WL 124226, at *4 (S.D. Ohio Jan. 14, 2011) (citing *Deghand v. Wal-Mart Stores*, 904 F. Supp. 1218, 1221 (D. Kan. 1995)). Although the primary focus is on the due diligence of the movant, the Court must also consider whether the nonmovant will be prejudiced before modifying the scheduling order. *Id.* (citing *Inge*, 281 F.3d at 625). *See also Leary*, 349 F.3d at 909 (citing *Inge*, 281 F.3d at 625; *Duggins v. Steak 'n' Shake*, 195 F.3d 828, 834 (6th Cir. 1999); *Moore v. City of Paducah*, 790 F.2d 556, 562 (6th Cir. 1986)). A lack of prejudice to the opposing party, however, is not equivalent to a showing of good cause. *Wagner*, 2011 WL 124226, at *4 (citing *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995)).

Finally, Rule 56(d) governs the procedures to be followed when a party alleges additional discovery is necessary to respond to a motion for summary judgment:

> **When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). "It is well-established that the [non-moving party] must receive 'a full opportunity to conduct discovery' to be able to successfully defeat a motion for summary judgment." *Sweeney v. Nationwide Mut. Ins. Co.*, No. 2:20-cv-1569, 2023 WL 6383453, at *1 (S.D. Ohio Sept. 29, 2023) (quoting *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004)). The adequacy of the discovery period is to be considered "in light of the circumstances of the case." *Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1195 (6th Cir.

1995). Whether or not to grant a request for additional discovery falls within the trial court's discretion. *Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 426 (6th Cir. 2009). However, "the Sixth Circuit has made clear that [i]f the [party seeking relief under Rule 56(d)] has not receive[d] a full opportunity to conduct discovery, denial of that party's Rule 56(d) motion and ruling on a summary judgment motion would likely constitute an abuse of discretion." *Wilson v. Ebony Constr. LLC*, No. 2:17-cv-1071, 2018 WL 4743063, at *3 (S.D. Ohio Oct. 2, 2018) (quoting *Cressend v. Waugh*, No. 2:09-cv-01060, 2011 WL 883059, at *2 (S.D. Ohio Mar. 11, 2011)). *See also Sweeney*, 2023 WL 6383453, at *1 ("Likewise, it is improper to grant summary judgment if [the party seeking Rule 56(d) relief] is given an insufficient opportunity for discovery.") (quoting *Dish Network LLC v. Fun Dish Inc.*, No. 1:08-cv-1540, 2011 WL 13130841, at *3 (N.D. Ohio Aug. 12, 2011)) (in turn citing *White's Landing Fisheries v. Buchholzer*, 29 F.3d 229, 231-32 (6th Cir. 1994)).

> The Court considers five factors when ruling on a motion for discovery under Rule 56(d):
>
> (1) when the appellant learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery would have changed the ruling below; (3) how long the discovery period had lasted; (4) whether the appellant was dilatory in its discovery efforts; and (5) whether the appellee was responsive to discovery requests.

*Doe v. City of Memphis*, 928 F.3d 481, 491 (6th Cir. 2019) (quoting *CenTra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008)).

**III. Analysis**

    A. <u>Arguments</u>

Defendant argues that a 90-day extension to the discovery and other case deadlines would allow the parties to present efficient and complete discovery. Defendant argues that there is good cause for the extension request under Rule 6(b)(1)(A), including: (1) the unavoidable

substitution of defendant's counsel in the middle of the discovery process; (2) the time spent resolving discovery disputes raised *by plaintiff*; and (3) the time needed to produce discovery in compliance with the Court's recent Order resolving plaintiff's motion to compel (*see* Doc. 54).

As related to plaintiff's motion for summary judgment, defendant argues that it is both substantively and procedurally defective and should be denied. Substantively, defendant argues that plaintiff fails to establish the lack of any genuine dispute of material fact or that she is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). Defendant also argues that plaintiff does not support her motion with any appropriate evidentiary material. *See* Fed. R. Civ. P. 56(c).

Procedurally, defendant argues that plaintiff's motion is premature. Defendant points to the fact that plaintiff filed her motion prior to a ruling on her motion to compel, which covered a substantial amount of outstanding discovery that plaintiff requested from defendant. Defendant also notes that plaintiff has yet to produce the discovery he requested. In the absence of such discovery responses or plaintiff's deposition testimony, defendant argues that he cannot fairly rebut plaintiff's motion—particularly where plaintiff's motion depends almost exclusively on her EEO affidavit. Defendant argues that Rule 56(d) contemplates dismissal of a motion for summary judgment without prejudice under these circumstances. *See* Fed. R. Civ. P. 56(d). In the alternative, defendant argues that the Court should at least extend defendant's deadline to respond to plaintiff's motion until the close of discovery.

As to defendant's request to extend case deadlines, plaintiff argues in response that defendant has had ample time to conduct discovery pursuant to the deadlines he initially proposed. Plaintiff argues that defendant has been "dilatory" and "abuse[d] the discovery process with delay of its discovery request"—highlighting the fact that defendant did not send

5

plaintiff his discovery requests until just 30 days prior to the then-existing discovery deadline. (Doc. 58 at PAGEID 634).

As to her motion for summary judgment, plaintiff argues in response that it was not premature because she only filed it after three unsuccessful attempts to confer with defendant's counsel about a settlement demand. (*See* Doc. 53 at PAGEID 601-603). Plaintiff argues that if an extension of defendant's time to respond to her motion for summary judgment is granted, it should only be extended to a reasonable period after the original May 31, 2024 discovery deadline. Plaintiff further argues that her motion demonstrates that she has met her substantive burden under Rule 56(a).

In reply, defendant first argues that plaintiff has pointed to no evidence of his attempt to delay the case other than to recite the case's procedural history. Second, defendant argues that the fact that he may have initially proposed the case deadlines in the Rule 26(f) report does not foreclose his ability to later seek extensions based on the developing circumstances of the case. Third, defendant argues that the suggested new deadlines remain an acceptable and common timeframe for employment cases in this district. Fourth, defendant argues that he did not delay sending his discovery requests until after settlement discussions; rather, defendant made his discovery requests independent of settlement discussions and pursuant to the relevant rules of civil procedure. Finally, defendant argues that plaintiff's recently filed responses to his discovery requests (Doc. 60) reveal another potential discovery dispute—further cause to extend case deadlines and to deny or defer consideration of plaintiff's motion for summary judgment.

B. Resolution

The Court begins with Rule 56(d) and whether it should defer consideration of or deny plaintiff's motion for summary judgment based on defendant's counsel's affidavit. The first

Rule 56(d) factor weighs in plaintiff's favor because the desired discovery (plaintiff's responses to defendant's discovery requests and plaintiff's deposition testimony) were known to defendant at the outset of the case. The second factor weighs in defendant's favor, as this discovery is central to a full and fair adjudication of plaintiff's motion for summary judgment. As explained in defendant's counsel's affidavit, plaintiff's motion relies extensively on her own EEO affidavit; as such, plaintiff's answers to defendant's discovery responses and deposition testimony are crucial to defendant's opposition. The third factor weighs in defendant's favor, as the initially calendared discovery period was relatively short (Calendar Order entered January 9, 2024; discovery deadline May 31, 2024). The fourth factor, whether defendant was dilatory in its discovery efforts, weighs in defendant's favor. In addition to the Court's observations during informal discovery conferences, email correspondence between plaintiff and both attorneys representing defendant during the course of this lawsuit demonstrates defendant's good faith attempts to work through various discovery issues. (*See* Docs. 16-1 to 16-7; 42-2; 55-1). The fifth factor weighs in plaintiff's favor, as there is no indication that she has not been responsive to discovery requests.

In addition to a majority of the Rule 56(d) factors weighing in defendant's favor, the Court notes that the overall circumstances of this case weigh in favor of granting defendant the opportunity for additional discovery. Some of the delay in this case was on account of discovery issues related to plaintiff's discovery requests. Some of the delay was due to an unavoidable substitution of counsel for defendant and related transition time. Further, the proposed delay that would result from granting defendant's request (an approximately 90-day extension of existing deadlines) is not significant—particularly given the relatively short duration of this case. Finally, as Rule 56(d) requires, defendant supports his motion with an affidavit explaining his

7

diligence throughout the case thus far and the crucial nature of the discovery sought. For all of these reasons, defendant's Rule 56(d) motion (Doc. 55) is granted.

These same reasons support a finding of good cause (i.e., defendant's diligence in attempting to meet the Court's established calendar deadlines) for purposes of extending the discovery and related case deadlines under Rule 16(b)(4). *See Leary*, 349 F.3d at 906. The Court sees no resulting prejudice to plaintiff; to the contrary, extending the discovery and related case deadlines will allow plaintiff the benefit of defendant's responses to her discovery requests, on which the Court only recently ruled (*see* Doc. 54). *See Leary*, 3449 F.3d at 909. The Court will enter the proposed calendar order submitted by defendant (Doc. 55-3).

Lastly, the Court considers whether to deny plaintiff's motion for summary judgment or to postpone the deadline to respond to that motion until after the extended discovery deadline. Both options are available to the Court under Rule 56(d). The foregoing discussion demonstrates that there is good cause to extend defendant's deadline to respond to plaintiff's motion. *See* Rule 6(b)(1)(A); *Ott*, 535 F. App'x at 489. The Court, however, finds that it is more appropriate under the circumstances of this case to deny plaintiff's motion. The Court only recently disposed of plaintiff's motion to compel discovery, meaning that significant discovery from defendant remains outstanding. (*See* Doc. 54). In the interest of reaching the full merits of this dispute, the Court denies plaintiff's motion (Doc. 53) without prejudice to refiling at a future date. *See Sweeney*, 2023 WL 6383453, at *2-4 (granting the nonmoving party's Rule 56(d) motion and denying motion for summary judgment without prejudice); *Amerisure Mut. Ins. Co. v. Transatlantic Reinsurance Co.*, No. 2:18-cv-11966, 2021 WL 4340521, at *1 (E.D. Mich. Mar. 18, 2021) (quoting *CLT Logistics v. River W. Brands*, 777 F. Supp. 2d 1052, 1076 (E.D. Mich.

2011)) ("[S]ummary judgment motions 'filed before the close of discovery [are] often denied as premature in [the Sixth C]ircuit. . . .'").

### IV. Conclusion

For the foregoing reasons:

1. Defendant's motion (Doc. 55) is **GRANTED**, and plaintiff's motion for summary judgment (Doc. 53) is **DENIED without prejudice** to refiling at a future date.

2. The Court will enter an amended calendar order by separate order.

**IT IS SO ORDERED.**

Date: 6/14/2024

Karen L. Litkovitz
United States Magistrate Judge