# UNITED STATES DISTRICT COURT
## SOUTHERN DISTICT OF OHIO
### WESTERN DIVISION

CAROLYN TURNBOW-AVERY,                      Case No. 1:23-cv-571
    Plaintiff,                              Litkovitz, M.J.

    vs.

LOUIS DEJOY, POSTMASTER                      **ORDER**
GENERAL,
    Defendant.

This matter is before the Court on plaintiff's motion to submit evidence (Doc. 65) and amended motion to submit evidence (Doc. 66). Plaintiff attached to the amended motion: (1) her EEO investigative summary, (2) her EEO investigative affidavit, (3) certain of her pharmaceutical records, and (4) an evaluation of plaintiff's work performance completed by a previous supervisor with the United States Postal Service (USPS). (*Id.* at PAGEID 985-1017). Plaintiff then filed another motion to submit evidence (Doc. 68), which defendant moved to strike (Doc. 69) because the attached documents are—as reflected in the notation at the bottom of each page—"CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER." (*See* Doc. 68 at PAGEID 1024-63).

Without passing on the ultimate admissibility of such evidence, plaintiff's motions (Doc. 65, 66, and 68) are **DENIED**. Filing evidence on the Court's docket is limited to situations in which the proffer of evidence is made in conjunction with a motion or in opposition to a motion pending before the Court. *See* S.D. Ohio Civ. R. 7.2(d), (e). *See also Wooten v. Fed. Med. Ctr. Lexington*, No. 5:22-cv-52, 2022 WL 1275624, at *2 (E.D. Ky. Apr. 28, 2022) ("The Court's docket is not a repository for evidence in a case, and documents are not generally to be filed in the record unless in support of (or opposition to) a motion pending before the Court."). The

Court will entertain the submission of this and any other evidence in conjunction with (or in opposition to) a motion presenting a contested matter for the Court's decision.

The Court reminds plaintiff, however, that she must comply with the terms of the parties' stipulated protective order when filing documents designated confidential:

**8. Filing Materials Containing Information Designated Confidential.** In the event a party seeks to file with the Court any confidential information subject to protection under this Order, that party must take appropriate action to ensure that the document receives proper protection from public disclosure, including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or (c) when the preceding measures are inadequate, seeking permission to file the document under seal by filing a motion for leave to file under seal.

Any motion to file a document subject to this Order under seal must meet the Sixth Circuit's standard set forth in *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016). The burden of demonstrating the need for and appropriateness of a sealing order is borne by the moving party, and requires the moving party to analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations. Regardless of whether the parties agree, it remains the Court's independent obligation to determine whether a seal is appropriate for any given document or portion thereof. Any proposed sealing, even when compelling reasons exist, must be narrowly tailored to serve the compelling reasons.

When a party to this Order seeks to file documents which it believes may warrant sealing, but is not the party who may be prejudiced by the document or documents becoming part of the public record, the filing party shall provide the potentially-prejudiced party or parties, or any potentially-prejudiced third party or parties, with written notification of its intent to file such documents at least (14) **fourteen days** before doing so. After being provided such notice, the potentially harmed party or parties will then have (7) **seven days** to file with the Court a motion for sealing. The Court will rule on the motion as promptly as possible.

(Doc. 52 at PAGEID 559-60). Defendant's motion to strike (Doc. 69) is therefore

**GRANTED**, and the Clerk is hereby **DIRECTED** to restrict access to document number

68 so that it may be viewed only by the Court and parties to this case.

**IT IS SO ORDERED.**

Date: 8/27/2024

Karen L. Litkovitz
Chief United States Magistrate Judge