UNITED STATES DISTRICT COURT
SOUTHERN DISTICT OF OHIO
WESTERN DIVISION

CAROLYN TURNBOW-AVERY,           Case No. 1:23-cv-571
    Plaintiff,                                      Litkovitz, M.J.

vs.

LOUIS DEJOY, POSTMASTER           **ORDER**
GENERAL,
    Defendant.

This matter is before the Court on plaintiff's motion seeking reconsideration of the Order (Doc. 70) denying plaintiff's motions to submit evidence (Docs. 65, 66, and 68) and defendant's response thereto. (Docs. 71, 74). This matter is also before the Court on defendant's motion for a Court order prohibiting plaintiff from prematurely filing discovery documents. (Doc. 73).[1]

In her motion for reconsideration, plaintiff explains that she "has taken corrective action to ensure a redacted copy of the documents will be submitted" and states that the documents contain "important information. . . ." (Doc. 71 at PAGEID 1072). Plaintiff attaches to her motion a list of dozens of documents that she intends to file. (*See id.* at PAGEID 1074-76).

Defendant argues that plaintiff's motion (Doc. 71) is inconsistent with the Court's prior Order (Doc. 70), which explained that it is inappropriate to file documents obtained through discovery independent from a party's motion or response. Defendant also requests, pursuant to S.D. Ohio Civ. R. 7.2(d) and (e),[2] that the Court prohibit plaintiff from prematurely filing

---

[1] This document is identical to defendant's response to plaintiff's motion for reconsideration, and the filing is docketed twice to reflect its dual purpose. (*See* Doc. 74).

[2] These subsections read in relevant part:

> (d) **Evidence Supporting Motions - Deadlines.** When proof of facts not already of record is necessary to support or oppose a motion, all evidence then available shall be discussed in, and submitted no later than, the primary memorandum of the party relying upon such evidence. Evidence used to support a reply memorandum shall be limited to that needed to rebut the positions argued in memoranda in opposition.
> . . . .

discovery documents. Defendant argues that this relief would prevent the unnecessary expenditure of the significant resources required to seal documents—documents that should not yet be on the docket in the first place.

Plaintiff's motion for reconsideration (Doc. 71) is **DENIED** based on the Court's previous reasoning:

> Filing evidence on the Court's docket is limited to situations in which the proffer of evidence is made in conjunction with a motion or in opposition to a motion pending before the Court. *See* S.D. Ohio Civ. R. 7.2(d), (e). *See also Wooten v. Fed. Med. Ctr. Lexington*, No. 5:22-cv-52, 2022 WL 1275624, at *2 (E.D. Ky. Apr. 28, 2022) ("The Court's docket is not a repository for evidence in a case, and documents are not generally to be filed in the record unless in support of (or opposition to) a motion pending before the Court."). The Court will entertain the submission of this and any other evidence in conjunction with (or in opposition to) a motion presenting a contested matter for the Court's decision.

(Doc. 70 at PAGEID 1069-70). The Court reiterates, however, that the decision to deny this motion for reconsideration and plaintiff's motions to submit evidence does not mean that the Court will never consider this evidence. Rather, the Court has decided that it is not appropriate for the evidence to be filed on the public docket at this time. If, upon the close of discovery, the parties file motions for summary judgment, the Court will consider evidence supporting the briefs in favor of and against such relief, provided that evidence designated as confidential is handled in the manner set forth in the parties' stipulated protective order.

Further, defendant's motion (Doc. 73) is **GRANTED**, and plaintiff is hereby (1) **PROHIBITED** from filing evidence independent from a substantive motion (or response) and

---

(e) **Memoranda Evidence.** Evidence shall be presented, in support of or in opposition to any motion, using affidavits, declarations pursuant to 28 U.S.C. § 1746, deposition excerpts, admissions, verified interrogatory answers, and other documentary or electronic exhibits. Unless already of record, such evidence shall be attached to the memorandum or included in an appendix thereto. Physical evidence that cannot be attached to a memorandum shall be filed separately with the Clerk. All evidence shall be submitted within the time limit set forth above.

S.D. Ohio Civ. R. 7.2(d) and (e).

(2) **PROHIBITED** from filing evidence sooner than the discovery deadline of October 30, 2024 (*see* Doc. 67). S.D. Ohio Civ. R. 7.2(d) and (e) are consistent with the Court's conclusion that documents obtained through discovery should be filed only in conjunction with motions or responses requiring evidentiary support. There is no such motion or response pending, and requiring defendant to move to seal this information at this time—or at any point prior to the filing of a substantive motion or response after the close of discovery—would be both an unwarranted and substantial drain on both the parties' and the Court's resources.

    IT IS SO ORDERED.

Date: 10/8/2024

Karen L. Litkovitz
Chief United States Magistrate Judge