UNITED STATES DISTRICT COURT
SOUTHERN DISTICT OF OHIO
WESTERN DIVISION

CAROLYN TURNBOW-AVERY,             Case No. 1:23-cv-571
    Plaintiff,                                            Litkovitz, M.J.

vs.

LOUIS DEJOY, POSTMASTER            **ORDER**
GENERAL,
    Defendant.

This matter is before the Court on defendant (Doc. 85)[1] and plaintiff's (Docs. 89, 93) motions for leave to file documents under seal. Plaintiff did not object to defendant's motion. Defendant filed a response (Doc. 92) to plaintiff's first motion, to which plaintiff replied (Doc. 94).

## I.    Legal standard

Under the Court's local rules, "parties may not file documents under seal without obtaining leave of Court upon motion and for good cause shown." S.D. Ohio Civ. R. 5.2.1(a). A court's discretion to seal its own records and files is limited by the "'strong presumption in favor of openness' as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). *See also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("Every court has supervisory power over its own records and files."). This openness presumption owes to the public's "strong interest in obtaining the information contained in the court record . . . [including] an interest in ascertaining what evidence and records" a court relies upon for its decisions. *Lipman v. Budish*, 974 F.3d 726, 753 (6th Cir. 2020) (quoting *Brown & Williamson*, 710 F.2d at 1180-81). The party seeking to seal court records carries the heavy

---

[1] Exhibit B to this motion was refiled to correct a format issue. (*See* Doc. 91).

burden of overcoming this presumption, and "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp.*, 825 F.3d at 305 (quoting *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983)). Additionally, the Court is required to set forth specific findings and conclusions justifying the sealing of records—regardless of whether a party objects. *Id.* at 306.

To justify sealing records, the proponent must demonstrate: "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citing *Shane Group*, 825 F.3d at 305). The proponent must also "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp.*, 825 F.3d at 305-06 (quoting *Baxter Intern., Inc. v. Abbott Lab'ys*, 297 F.3d 544, 548 (7th Cir. 2002)).

As relevant here, the Sixth Circuit recognizes certain content-based exceptions to the presumption of openness related to "certain privacy rights of participants or third parties. . . ." *Brahmamdam v. TriHealth, Inc.*, No. 1:19-cv-152, 2021 WL 5005368, at *2 (S.D. Ohio Oct. 27, 2021) (quoting *Brown & Williamson*, 710 F.2d at 1179). In the context of civil litigation, this exception is generally limited to "only trade secrets, information covered by a recognized privilege, and information required by statute to be maintained in confidence. . . ." *Id.* (quoting *Reese on Behalf of Fifth Third Bancorp v. Carmichael*, No. 1:20-cv-886, 2020 WL 6810921, at *1 (S.D. Ohio Nov. 16, 2020)).

### II. Resolution

#### A. Defendant's motion

Defendant seeks an order directing him to redact the names, home addresses, and personal phone numbers of non-party United States Postal Service (USPS) employees on eight pages[2] that he intends to file in support of his forthcoming dispositive motion. Defendant argues the compelling interest served by sealing these records is the privacy of non-party USPS employees, and the public has little interest in the identities/personal information of those employees who have received discipline or filed EEO complaints because that information is not necessary to understand the disposition of this case. Finally, defendant argues it has narrowly tailored its request by seeking only eight redacted pages versus a blanket seal. Defendant includes a table showing the description of the redactions requested and legal authority supporting each.

Defendant's motion (Doc. 85) is granted. There is a compelling interest in keeping from public view the identities, home address, and personal phone numbers of non-party USPS employees that either received discipline, were counseled, or filed EEO complaints against plaintiff's manager contained in the documents identified by defendant (Doc. 85-2). *See Hardesty v. Kroger Co.*, No. 1:16-cv-298, 2020 WL 3545676, at *2 (S.D. Ohio June 30, 2020) ("[P]rivacy of employees, especially those who are not parties to the case, is a compelling interest in favor of nondisclosure of the document."). The public has little interest in this information because it does not appear necessary to an understanding of the disposition of this case. *See Luxottica of Am. Inc. v. Allianz Glob. Risks US Ins. Co.*, No. 1:20-cv-698, 2021 WL 735205, at *3 (S.D. Ohio Feb. 25, 2021) ("[I]t does not appear that the public will need to review the specific contents of the parties' privileged communications to understand either the merits of Plaintiff's claims or the arguments for/against summary judgment."). The request is narrowly

---

[2] The document attached to defendant's motion reflects even *further* redactions that were included by plaintiff, but defendant does not believe that all such redactions are warranted. (*See* Doc. 91-1).

tailored because defendant seeks to redact (as opposed to fully seal) only eight pages. *See Proctor & Gamble Co. v. Ranir, LLC*, No. 1:17-cv-185, 2017 WL 3537195, at *3 (S.D. Ohio Aug. 17, 2017) (request to redact 15 of 110 pages was narrowly tailored). Defendant has met his burden under *Shane Grp., Inc.* to make the proposed redactions.

### B. Plaintiff's motions

Plaintiff's first motion to seal (Doc. 89) attaches two exhibits with her proposed redactions (Docs. 89-1 and 89-2).[3] The first, Exhibit A, contains what plaintiff describes as case details, assignment orders, an investigation summary, witness statements, her EEO formal complaint, and an EEO dispute resolution specialist report. (Doc. 89 at PAGEID 1180). The second, Exhibit B, contains what plaintiff describes as an investigation summary, EEO investigative affidavit for compensatory (sic), pharmacy statement, job evaluation, and grievant statement. (*Id.*). Plaintiff asserts generally that these documents are private and confidential, which outweighs the public's interest in them. Plaintiff also states, without elaboration, that the redacted information in these documents "could put individuals at risk of harm, retaliation." (*Id.* at PAGEID 1185). Plaintiff proposes redaction as opposed to full sealing of these documents. In plaintiff's more recent motion (Doc. 93), she seeks an order requiring the redaction of her "medical records and any and all confidential document[s] that Defendant intends to file in support of his forthcoming dispositive motion" without identifying particular documents. (*Id.* at PAGEID 1428).

In his response to plaintiff's first motion, defendant argues that plaintiff appears to misunderstand the parties' Stipulated Protective Order (Doc. 52). Defendant argues that most of the information plaintiff seeks to redact is information *defendant* (if either party) would have an

---

[3] Plaintiff filed a declaration in support of this motion that primarily addresses her communications with opposing counsel and does not elaborate on the merits of her motion. (Doc. 90)

interest in protecting from public view. Defendant emphasizes that he has already filed a motion seeking to redact a limited number of documents for which he believes sealing is warranted under *Shane Grp., Inc.* Defendant emphasizes that to the extent plaintiff seeks redaction or sealing of exhibits to her deposition that include her medical records, he does not oppose that request.[4]

In her reply, plaintiff stands on her motion and, as in her second motion, asks that the Court "seal[] her medical records[] and any documents that are confidential subject to protective order. . . ." (Doc. 94 at PAGEID 1435).

Plaintiff's motions (Docs. 89, 93) are **DENIED in part** and **GRANTED in part**. Beyond the disclosure of her personal medical information, plaintiff's motions fail to explain the compelling interest served by the proposed redactions and why the public's interest in the information does not outweigh that compelling interest. "[T]hat a mere protective order restricts access to discovery materials is not reason enough . . . to seal from public view materials that the parties have chosen to place *in the court record*." *Shane Grp., Inc.*, 825 F.3d at 307. Plaintiff's vague reference to feared "retaliation" also does not amount to a compelling reason to authorize all of plaintiff's proposed redactions.[5]

As it relates to plaintiff's medical records, courts routinely recognize a compelling interest in the non-disclosure of private health information. *See, e.g.*, *Myers v. Am. Educ. Servs.*, No. 1:18-cv-00144, 2024 WL 2941752, at *2 (S.D. Ohio June 11, 2024); *Harter v. Franklin Cnty. Bd. of Comm'rs*, No. 2:23-cv-2995, 2024 WL 4149245, at *2 (S.D. Ohio Sept. 11, 2024).

---

[4] Defendant put plaintiff on notice on December 20, 2024 that he intended to file her deposition (and corresponding exhibits) in support of his forthcoming motion for summary judgment.

[5] To the extent, however, certain documents in Exhibits A and B to plaintiff's first motion (Doc. 89-1 at PAGEID 1209, 1219, 1229, 1237, and 1241; Doc. 89-2 at PAGEID 1313, 1321, and 1325) correspond to the documents contemplated in defendant's motion (Doc. 85-2), they may be redacted consistent with this Court's ruling on defendant's motion to seal.

Defendant does not oppose sealing or redactions of such information in this case.  Further, at this time, the Court has no reason to believe that the particulars of plaintiff's private health information are relevant to the public's understanding of the disposition of this matter.  It is not clear, however, exactly which documents plaintiff seeks to redact.  Plaintiff's first motion does not refer to medical records at all—only "sensitive" information (*see* Doc. 89 at PAGEID 1181-82).  Some of the documents attached to that motion reflect redactions of plaintiff's doctors, medications, and diagnoses but other medical information in those documents is not redacted.  (*See* Doc. 89-2 at PAGEID 1329-39).  Plaintiff's second motion, which does reference medical records specifically, does not attach or indicate the particular documents for which she seeks redactions.

    Given the foregoing, the Court is amenable to the redactions plaintiff proposes to the medical records contained in Exhibit B to her first motion (Doc. 89-2 at PAGEID 1329-39) and her motions are **GRANTED** to that extent.  If plaintiff believes that additional records should be sealed or redacted prior to filing on the public docket, plaintiff must renew her motion and identify the particular documents to be sealed on or before **JANUARY 31, 2025**.

    **IT IS SO ORDERED**.

Date: 1/24/2025

Karen L. Litkovitz
United States Magistrate Judge